CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 10 2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MALVESTER DIXON, JR., a/k/a Malvester Muhammad, | |
| Plaintiff, | Case No. 4:17-cv-00079 |
| v. | **MEMORANDUM OPINION** |
| H. CLAY GRAVELY, IV, and JOAN ZIGLAR, | By: Hon. Jackson L. Kiser  Senior United States District Judge |
| Defendants. | |

This matter is before the Court on Defendant Joan Ziglar's Motion to Dismiss and Plaintiff Malvester Dixon's Motion to Substitute Party. The issues have been briefed by the parties, and I heard argument on the motions on April 5, 2018. For the reasons stated herein, I will grant Defendant Ziglar's Motion to Dismiss, deny Plaintiff's Motion to Substitute Parties, and dismiss this action.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

Lisa Thomas was tragically murdered on September 26, 2000, and Billy Ray Manns ("Manns") implicated Plaintiff in the crime. At Plaintiff's trial, Manns testified that Plaintiff and another individual paid Manns $10,000.00 to murder Thomas. A jury convicted Plaintiff of capital murder.

Following his conviction and prior to his sentencing, Plaintiff moved for a new trial. At a hearing on Plaintiff's motion, Manns recanted his testimony and stated that he acted alone in

---

[1] The facts are taken from Plaintiff's *pro se* Complaint. As this stage, it is appropriate to accept Plaintiff's factual actual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

killing Thomas. Plaintiff was granted a new trial and the prosecutor, Defendant Joan Ziglar, *nolle prossed* the pending charges against Plaintiff. Plaintiff was a free man.

Now, over a decade after the charges against him were dropped, Plaintiff filed suit in this court asking that I issue a declaration that he is "actually innocent" of the charges. He contends that because his charges were dismissed without a "declaration of innocence," his due process right to a fair trial before jury of his peers was violated.

In his original Complaint, Plaintiff named as defendants both Joan Ziglar, the assistant Commonwealth's Attorney who prosecuted him originally, and H. Clay Gravely, IV, who was the elected Commonwealth's Attorney for the City of Martinsville at the time of Plaintiff's prosecution. His Complaint did not specify whether he was suing Gravely and Ziglar in their official capacities as Commonwealth's Attorney and assistant commonwealth attorney, their individual capacities, or both. On January 30, 2018, I informed Plaintiff that Gravely had passed away and instructed him that, if he believed the claim survived, to file an appropriate motion to substitute a party.[2] See Order, Jan. 30, 2018 [ECF No. 10]. On February 8, Plaintiff filed a motion to substitute Andy Hall, the acting Commonwealth's Attorney for the City of Martinsville, for Gravely. [ECF No. 16]. Both motions—the motion to substitute a party and the motion to dismiss—were set for oral argument on April 5, 2018. Following argument, I informed Plaintiff that I was constrained to dismiss his case. This Memorandum Opinion sets forth the legal basis for that conclusion.

II. **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

---

[2] Because Plaintiff's Complaint was unclear, I was unable to determine if the action automatically survived under Fed. R. Civ. P. 25(d).

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff's Complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999).

Plaintiff's Complaint is not entirely clear on his purported theory of recovery. That is not surprising, since he is proceeding *pro se* and is not trained in the intricacies of the law. Even giving Plaintiff the generous latitude afforded to *pro se* parties, I see no potential for the recovery he seeks.

Although Plaintiff does not identify whether he is suing the parties in their individual or official capacities, I will assume he is attempting to sue them in both. Accordingly, I will address his potential theories of recovery in turn.

A. *Suits against Gravely and Ziglar in their individual capacities*

Prosecutors are absolutely immune from suit for actions taken in their roles as prosecutors. Prosecutorial immunity has been enshrined in American law since at least 1896. See Griffith v. Slinkard, 44 N.E. 1001 (Ind. 1896). As the Supreme Court stated in Imbler v. Pachtman when it held that a prosecutor is absolutely immune from suit under 42 U.S.C. § 1983, "A prosecutor is duty bound to exercise his [or her] best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he [or she] were constrained in making every decision by the consequences in terms of his [or her] own potential liability in a suit for damages." 424 U.S. 409, 424–25 (1976). As a result, the recourse for a defendant when a prosecutor is hoodwinked by a witness is the appeals process, not a suit for damages against the prosecutor.

Plaintiff's allegations against Ziglar[3] concern solely her actions in prosecuting Plaintiff. Even if she overstepped her authority during the prosecution (and there is no colorable claim that she did), a suit against her individually under § 1983 is absolutely barred. Accordingly, Plaintiff cannot sue Ziglar or Gravely in their individual capacities.

B. *Suit against Gravelyand Ziglar in their official capacities*

The Eleventh Amendment to the United States Constitution bars suits against a State unless that state has consented to suit or unless Congress has properly abrogated the state's immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984). In Virginia, "the Commonwealth Attorney and assistant commonwealth's attorney . . . are arms of

---

[3] Although Gravely is named as a defendant, he is not mentioned at all in Plaintiff's Complaint.

the state and therefore entitled to Eleventh Amendment immunity when sued in their official capacities." Savage v. City of Stafford, No. 1:09-cv-1328, 2010 WL 1873222, at *4 (E.D. Va. May 4, 2010).

The Supreme Court's decision in Ex Parte Young, however, created an exception for claims against the state that only sought prospective injunctive relief as a remedy. See Ex Parte Young, 209 U.S. 123 (1908). This exception to the Eleventh Amendment's grant of immunity "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." Peurto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 56 U.S. 139, 142 (1993). For the Ex Parte Young exception to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." Saltz v. Tenn. Dep't of Emp't Sec., 976 F.2d 966, 968 (5th Cir. 1992).

There is no question that Plaintiff seeks declaratory relief, and I read his Complaint a suing Gravely[4] and Ziglar in their official capacities. The relief he seeks, however, is not "prospective in effect." A declaration that he is "actually innocent" "does not grant relief [from the officials he has sued] in the future." Springsteen v. Combs, No. A-13-CV-427, 2013 WL 5305312, at *4 (W.D. Tex. Sept. 19, 2013) (Report & Recommendation). Plaintiff wants a declaration that looks backward, declaring that, *in the past*, he had no role in the murder of Lisa Thomas. Setting aside whether Plaintiff is entitled to such a declaration or whether such a declaration is necessary, this Court is simply not empowered, pursuant to the Eleventh Amendment, to make such a declaration in the present case.

---

[4] Or Hall. See infra Part III.D.

C. *Suit under the Declaratory Judgment Act*

Even if Plaintiff had not brought this suit under 42 U.S.C. § 1983, but rather had brought a generic declaratory judgment action, the "operation of the Declaratory Judgment Act is procedural only." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (citing Aetna Life Ins. Co. of Hartford, Conn. V. Haworth, 300 U.S. 227, 240 (1937)). The Declaratory Judgment Act ["DJA"] "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Id. By its very terms, the DJA only applies "[i]n a case of actual controversy within its jurisdiction . . . ." 28 U.S.C. § 2201 (2017). Because the Eleventh Amendment bars this particular suit under § 1983, the DJA does not offer a saving grant of jurisdiction.

D. *Motion to Substitute Andy Hall as a party in place of H. Clay Gravely, IV*

Plaintiff also seeks to substitute Andy Hall for Gravely in light of Gravely's unfortunate death. As stated above, this Court is without authority to provide Plaintiff the remedy he seeks, regardless of whether Gravely or his successor is named in the Complaint. The Eleventh Amendment would bar this suit against Hall as well. As such, making Hall "a party herein would be a futile act," Anderson v. Wade, No. 3:05-cv-33, 2008 WL 873653, at *3 (W.D.N.C. Mar. 26, 2008), and the motion to substitute parties will be denied.

E. *Plaintiff's Motion for Sanctions*

Plaintiff also seeks default judgment or sanctions against Ziglar. This motion is improperly before the Court. According to Rule 11: "A motion for sanctions *must be made separately from any other motion* . . . ." Fed. R. Civ. P. 11(c)(2). By filing his motion for sanctions along with a motion for default judgment, Rule 11 does not permit sanctions.

Moreover, Plaintiff has failed to abide by the "savings" provision of Rule 11.[5] Under the clear directive of Rule 11, a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Id. Plaintiff has not shown that he offered Ziglar the opportunity to withdraw the offending pleading, and accordingly he is not entitled to sanctions.[6]

## IV.  CONCLUSION

While I sympathize with Plaintiff's plight and recognize the stigma that surely attaches when the innocent are wrongfully accused, this Court cannot offer him the relief he seeks. His action must be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

Entered this 10th day of April, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] This is evident from the fact that the first request for sanctions [ECF No. 11] was filed eight days after the allegedly offending pleading [ECF No. 6].

[6] I make this ruling *without* deciding whether sanctions are even appropriate. Were that decision properly before me, Plaintiff's motion would still be denied.